CINCINNATI, H. & D. RY. v. JOHN H. TANGEMAN.

GENERAL VERDICT PREVAILS OVER INCONSISTENT SPECIAL FINDINGS.

In an action for damages for injuries sustained by a fireman caused by a cut of freight cars being allowed to run against the engine while he was under it cleaning out the ash pan, special findings that he was hurt through the (1) negligence of one or more fellow servants, and (2) by that of the engineer, his superior, neglecting to place a flag or other warning signal, etc., are inconsistent; and, hence, a general verdict for plaintiff will be affirmed.

ERROR to Hamilton common pleas court.

Plaintiff, a fireman, was injured while under his engine cleaning out the ash pan, by a cut of freight cars being allowed to run against the engine. He recovered a verdict below of $7,500.

**Harmon, Colston, Goldsmith & Hoadly,** for plaintiff in error. **F. H. Kunkel** and **T. L. Michie,** for defendant in error.

GIFFEN, J.

The omission to close the switch after the engine passed onto the siding is neither charged nor proved as an act of negligence by the defendant company, and does not support the general verdict for plaintiff.

The special finding of the jury that the negligence of the defendant

Hamilton County.

consisted in part of "the word from engineer Dumphy to fireman Tangeman *i. e.*, 'alright John,' " supports the averment in the petition that "the defendant neglected to place a flag or some other signal of warning to other engines and cars in the said yard for the protection of the plaintiff while under the said engine" because it shows not only a positive notice of safety to the fireman, but also the absence of any precaution by the engineer to protect him.

The finding of the jury that the plaintiff was hurt through the negligence of one or more fellow-servants is inconsistent with the finding that he was hurt through the negligence of the engineer, who must, in the absence of proof to the contrary, be regarded as a superior servant.

The finding of the jury that the injury was the result of an accident, was intended merely to negative the charge in the petition of malice or wilfulness.

There was no error in overruling the motion of defendant for judgment upon the special findings of the jury, and the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.